FILED

2013 Sep-27  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**GARY COBIA,**

    **Plaintiff,**

**v.**                                    **Civil Action No.**

**STRYKER SALES CORPORATION,**

    **Defendant.**                      **JURY TRIAL DEMANDED**

## COMPLAINT

### I.    JURISDICTION

1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2).  This is a suit authorized and instituted pursuant to the  Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.,* (ADEA), and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq* (FLSA).  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by ADEA, and the FLSA.

2.    Plaintiff has fulfilled all conditions precedent to the institution of this action under ADEA.  Plaintiff timely filed his charge of discrimination within 180 days of his replacement's hiring (Exhibit "A").  Plaintiff timely filed suit within 90 days of

the receipt of the right-to-sue letter from the EEOC (Exhibit "B").

## II.   <u>PARTIES</u>

3.     Plaintiff Gary Cobia (hereinafter "Plaintiff"), is a resident of Birmingham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Southern Division.

4.     Defendant, Stryker Sales Corporation (hereinafter "Defendant"), is a company doing business in the State of Alabama and is subject to service of process in Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant employs at least 20 individuals.

## III.   <u>STATEMENT OF FACTS</u>

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.     Plaintiff began work with Defendant on December 3, 2001, as a Field Service Tech.

7.     Plaintiff's job duties consisted of installing and delivering new product into hospitals and clinics; repairing company products (beds, stretchers, EMT cots); resolve customer issues and to support sales as a team.

8.     At all times during the employment relationship, Defendant classified as, Plaintiff an hourly paid, non-exempt employee.

9.     Plaintiff's last hourly rate was $20.21 per hour with an overtime rate of $30.31 per hour.

10.     Plaintiff worked on average in excess of fifty hours per week.

IV.     **COUNT ONE – FLSA – Overtime Violations**

11.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendant paid Plaintiff for some, but not all of his hours worked in excess of forty in a work week.

13.     With the knowledge of its management, Defendant required Plaintiff to work off-the-clock in the performance of the following duties after regularly scheduled work hours and/or over weekends:   dealing with contracts; calling customers; preparing time sheets; review of service reports; syncing time; computer time; ordering parts; and inventory issues.  Plaintiff also occasionally performed such duties while on vacation without pay.

14.     Plaintiff's off-the-clock duties were for the benefit of Defendant.

15.     Since Plaintiff regularly worked over forty hours in a work week, Defendant's failure to pay him for his off-the-clock work, as described herein,

3

amounted to denial of overtime pay to Plaintiff at 1.5 times his regular hourly rate for all hours worked in excess of forty in a work week.

16.     Plaintiff, and other technicians, sent computer generated reports, bearing time sent, during hours for which Plaintiff and other technicians were not paid. Defendant was aware of Plaintiff's off-the-clock work, yet willfully and intentionally chose not to pay Plaintiff for those overtime hours.

17.     As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.     COUNT TWO – ADEA – Age Discrimination

18.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 17 above as if fully set forth herein.

19.     Plaintiff worked for Defendant at a number of locations.  Commencing January 1, 2010, Defendant assigned Plaintiff to Huntsville Hospital in Huntsville, Alabama to work forty hours per week performing his job duties for that one account.

20.     For the years, 2010 and 2011, Defendant contractually agreed with Huntsville Hospital to provide Plaintiff's services for forty hours per week.

21.     As a condition for Plaintiff to undertake the assignment at Huntsville Hospital for the calendar years 2010 and 2011, Defendant did not give Plaintiff a sales goal to achieve during those years since he was totally dependent on whatever

4

purchases and/or use of his services were made by Huntsville Hospital.

22.     During the calendar years 2010 and 2011, Plaintiff attempted to provide repair services to other customers in the territory, but often he had to contact technicians in other territories to come perform the work in Plaintiff's territory because of Defendant's commitment to have Plaintiff work forty hours per week at Huntsville Hospital.

23.     Ryan Watkins, Defendant's Regional Sales Manager, became Plaintiff's supervisor in late 2010.

24.     Upon becoming Plaintiff's supervisor, Watkins placed Plaintiff on a 90-day Performance Improvement Plan for failing to meet certain goals, including sales for the calendar year 2010.  This was true even though Plaintiff did not have any sales goals for 2010 and had never been advised there was any expectation for him to make any sales goal in 2010.

25.     During the first three months of 2011, Plaintiff successfully completed the probationary period of ninety days included in the Performance Improvement Plan. This included maintaining sales commiserate with obtaining a $200,000 goal for that year for those three months.  Plaintiff met these sales goals during those three months because of the needs of Huntsville Hospital.

26.     Throughout the last nine months of 2011, Plaintiff made every effort to

reach the sales goal of $200,000 that Watkins placed upon him.

27.     During the calendar year 2011, Plaintiff was unable to generate sales through performance of his job duties for virtually any customer other than Huntsville Hospital.

28.     The Huntsville Hospital contract did not generate enough revenue during 2011 for Plaintiff to meet the sales goal based on his commitment to be at that location for forty hours per week; therefore, Plaintiff missed his sales goal in 2011 by $39,000.

29.     Watkins terminated Plaintiff's employment in January 2012 for the failure to meet the sales goal that Watkins placed upon Plaintiff of $200,000 for 2011.

30.     The act of Watkins placing a sales goal upon Plaintiff in 2011 when Plaintiff did not have the opportunity to perform services to generate sales other than at Huntsville Hospital both changed the commitment made by management of Defendant to Plaintiff when Plaintiff was assigned to Huntsville Hospital, as well as treated Plaintiff differently than it did other, younger technicians.

31.     Younger technicians, that performed substantially similar job duties to Plaintiff, had sales territories for which they had numerous customers for whom they could perform services generating sales, as well as customers whom they could service in the territory to meet sales goals imposed by Defendant.  Plaintiff did not have that opportunity in 2011.

32.     Defendant's manager Watkins treated Plaintiff worse than was Billy Pritchett, who also failed to meet sales goals, yet where Plaintiff was fired Pritchett was not.

33.     Plaintiff is 56 years of age.

34.     Pritchett is at least 10 years younger than Plaintiff.

35.     Within three months of Plaintiff's termination, Defendant hired Jim Steul (approximately 26 years of age) to replace Plaintiff (56 years of age).

36.     Plaintiff did not learn about Steul's hiring until August of 2012, whereupon he immediately filed his charge of age discrimination.

37.     Plaintiff's failure to file his EEOC charge within 180 days of his termination is entitled to be provided equitable tolling, as he did not learn of Steul's hiring until August.[1]

38.     But for Plaintiff's age, and Watkins' desire to place a substantially younger person in Plaintiff's position, Defendant would not have terminated Plaintiff. This is emphasized by the difference of treatment between Plaintiff and Pritchett.

39.     As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

---

1 See *Blalock v. Common Wealth of Massachuttes*, 1990 U.S. Dist. LEXIS 14943 (USDC Mass, November 1, 1990).

## VI.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A.   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADEA;

B.   Enter an Order requiring the Defendant to make Plaintiff whole by awarding him reinstatement to the position he would have had, had he not been terminated; and,

C.   Award Plaintiff back pay, together with employment benefits, unpaid overtime wages nominal damages, special damages, liquidated damages, and attorneys' fees and costs, and any additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

_____
Of Counsel


**<u>SERVE DEFENDANT AT</u>:**

Stryker Sales Corporation
c/o Agent for Service of Process
C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

9