FILED
 2013 Nov-05 PM 02:06
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GARY COBIA,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:13-CV-01802-RDP |
| **STRYKER SALES CORPORATION,** | } |
| **Defendant.** | } |

## **MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion to Dismiss (Doc. # 8). Because Count One of the Complaint has been voluntarily dismissed by Plaintiff, the current Motion addresses the only remaining claim in this case, Count Two of Plaintiff's Complaint which alleges a claim under the Age Discrimination in Employment Act. (Docs. # 1, 7,8, 10). Defendant's Motion to Dismiss asserts that Plaintiff's age discrimination claim is due to be dismissed because it is untimely. (Doc. # 8). The Motion has been fully briefed. (Docs. # 8, 12, 13).

**I.    Background**

Plaintiff's employment was terminated in January 2012. (Doc. # 1 at ¶ 29). Defendant's reason for discharging him was that he failed to meet a sales goal. (*Id*.). Plaintiff alleges that Defendant "treated Plaintiff worse than [] Billy Pritchett," who is 10 years younger than Plaintiff, who also failed to meet sales goals, but was not fired. (Doc. # 1 at ¶¶ 32, 34).

Plaintiff's Complaint alleges that he did not learn he was replaced by a younger employee until August 2012. (Doc. # 1 at ¶¶ 35, 36). His EEOC Charge, which was signed under penalty of perjury, states that he learned of his younger replacement on July 18, 2012. (Doc. # 1-1). Plaintiff's

EEOC Charge was not filed until August 17, 2012, nearly a month after learning the identity of his replacement.  (Doc. # 1-1).

**II.       Standard of Review**

As a general matter, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  However, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  To survive Defendants' Motion, the allegations of Plaintiff's Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

Once an employer raises the limitations issue, the employee bears the burden of proving that equitable tolling of the limitations period is appropriate. *Ross v. Buckeye Cellulose*, 980 F.2d 648, 661 (11th Cir. 1993) (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir.

1982) (in Title VII action, plaintiff "bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied"); *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) (plaintiff alleging discrimination in federal employment has burden of proving equitable reasons for failure to comply with Title VII's requirement that plaintiff proceed before agency charged with discrimination within 30 days of alleged Title VII violation)). "'[T]raditional equitable tolling principles require a claimant to justify h[is] untimely filing by a showing of extraordinary circumstances,' such as fraud, misinformation, or deliberate concealment." *Bourne v. School Bd. of Broward County*, 508 Fed.Appx. 907, 910 (11th Cir. 2013) (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007).

**III.    Analysis**

The Age Discrimination in Employment Act (ADEA) requires a claimant to file a charge of discrimination with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 29 U.S.C. § 626(d)(1)(A). Defendant argues that Plaintiff's age discrimination claim is time barred due to his failure to file an EEOC charge within the requisite 180 days. Plaintiff's EEOC charge was undisputedly filed more than 180 days after his employment was terminated. He was terminated in January 2012 (Doc. # 1 at ¶ 29), and his EEOC Charge was not filed until August 17, 2012 (Doc. # 1-1). However, Plaintiff contends that his age discrimination claim did not accrue until he learned of his younger replacement and that his limitations period for filing his EEOC charge should be equitable tolled until that time. (Doc. # 12). The court disagrees.

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations,

3

is subject to waiver, estoppel, and equitable tolling." Even before *Zipes*, the former Fifth Circuit had held that Title VII's timing requirements are subject to equitable tolling. *See, e.g., Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1297-1302 (5th Cir.1979); *Bickham v. Miller*, 584 F.2d 736, 738 (5th Cir. 1978); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975). Under binding Eleventh Circuit precedent, "[i]n order for equitable tolling to be justified in this case, the facts must show that, in the period more than 180 days prior to filing [his] complaint[] with the EEOC, [Plaintiff] had *no reason to believe* that [he was a] victim[]s of unlawful discrimination." *Ross*, 980 F.2d at 660 (emphasis added).[1]

There is more than one way to establish a prima facie case of discriminatory discharge under the ADEA. For example, a plaintiff may "show that []he (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class." *Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Alternatively, a plaintiff may show "(1) that he is a member of a protected class ...; (2) that he was qualified for the position he held; (3) that he was discharged from that position; and (4) that in terminating his employment, his employer treated him less favorably than a similarly situated individual outside of his protected class ... ." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 (11th Cir. 2011) (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003), in turn citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)).

---

[1] Although *Zipes, Chappell, Bickham, Reeb,* and *Ross* involve Title VII claims, those court's analyses are equally applicable to the ADEA. *See Hill v. Georgia Power Co.*, 786 F.2d 1071, 1076 (11th Cir. 1986).

At the time of his termination, Plaintiff had sufficient information to believe that he was a victim of age discrimination. In fact, he had information to support a prima facie case of discrimination under a disparate application of a work rule theory. Plaintiff knew he had been terminated for failing to meet sales goals, but that an employee ten years younger than him who also did not meet sales goals was not terminated. The fact that Plaintiff did not have sufficient information to establish a prima facie case under the alternate theory of replacement by a younger worker does not equate to having *no reason to believe* that he was a victim of discrimination. *See Ross*, 980 F.2d at 660. To be sure, Plaintiff's argument here is similar that made in *Ross*. There, the discharged employees asserted that equitable tolling should apply because they did not have all of the information necessary to prevail on a specific theory of their discrimination claim (Title VII disparate impact). But "[t]he inquiry into whether equitable concerns justify tolling the limitations period focuses on whether [Plaintiff] knew or reasonably should have known that [Defendant] operated in a discriminatory manner, not on whether [Plaintiff] had enough evidence to prosecute successfully" his discrimination claim on alternate theories. *Ross*, 980 F.2d at 661, n.19.

In his EEOC charge, Plaintiff asserted two separate factual bases for his age discrimination complaint. First, Plaintiff contended that he was replaced by a younger employee. Second, Plaintiff claimed that younger employees were not meeting goals, yet they were not terminated as he was. Plaintiff alleges the facts supporting this first contention — that he was replaced by a younger employee — were not discovered until July 18, 2012. However, he admittedly was aware at the time he was terminated that younger employees (*i.e.*, workers who were not members of the protected age group) were falling short of their sales goals but were not discharged. Even without knowledge of the identity of his replacement, Plaintiff had sufficient knowledge, or at least belief, at the time of

5

his discharge to prompt a reasonably prudent person to believe that there was different treatment based upon age. It follows that despite Plaintiff knowing all of the pertinent facts, equitable tolling is not available to him here because he was aware of enough to have asserted his discrimination claim at the EEOC.[2]  *Ross*, 980 F. 2d at 661.  Here, Plaintiff has simply not demonstrated the "extraordinary circumstances" necessary to justify equitable tolling.  *Ross*, 980 F.2d at 662.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's EEOC charge was untimely and Defendant's Motion to Dismiss is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this       5th       day of November, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff's principal argument in opposition to this analysis is that it is difficult for an ADEA plaintiff, who is not trained in the nuances of employment discrimination law, to discern when different treatment equals discriminatory treatment.  But the answer to this contention is supplied in Plaintiff's own EEOC charge.  There, Plaintiff alleges that at the time he was discharged for not meeting his goals, he was aware of younger employees who had not met their goals but were not fired. (Doc. # 1, Ex. A).  The test articulated by the Eleventh Circuit contains two alternatives:  one is subjective and the other objective.  That is, it asks whether the claimant knew, *or* reasonably should have known, that his employer acted in a discriminatory manner.  *Ross*, 980 F.2d at 661, n.19.  Here, it is undisputed that Plaintiff actually "knew" that younger employees were not terminated when they failed to meet sales goals.  That alone demonstrates that he "knew" his employer had acted in a discriminatory manner.  Alternatively, it is reasonable for a claimant who is aware of such discriminatory treatment of those outside the age protected category to be "on the clock" with respect to the running of a limitations period.